E. Franklin & Co., Plaintiff and Appellee, v. José Fernández Oller et al., Defendants and Appellants.

No. 6880. Argued April 29, 1935.—Decided April 30, 1935.

J. Vendrell for appellants. F. Prieto Azúar for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the court.

E. Franklin & Co., a partnership, brought an action of debt against José Fernández Oller and Enrique Collado in the Municipal Court of San Juan, Second Section, where the partnership obtained a judgment in its favor from which an appeal was taken by the defendants to the District Court of San Juan, which also decided the case in favor of the plaintiff. It is alleged in the complaint that during the month of July 1932, the defendants José Fernández Oller and Enrique Collado ordered from the plaintiff certain printing for the concern Empresa Arcofer; that in ordering such work the defendants stated to the plaintiff that they composed that concern (empresa) and upon request of said plaintiff they obligated themselves jointly to pay the cost of such work, which was done and delivered to Empresa Arcofer; that the defendants made certain partial payments, there remaining a balance due amounting to $421.50, which they have not paid either in whole or in part in spite of the demands of the plaintiff.

The defendants in their answer denied that they had obligated themselves either jointly or in any other form to pay any sum to the plaintiff for work ordered for Empresa Arcofer, and on the contrary alleged that, upon information and

belief, the work was in charge of and was ordered by Juan B. Arzuaga and Rafael Ferrari, the persons constituting the concern Empresa Arcofer.

The court below sustained the complaint, adjudging the defendants to pay to the plaintiff, *in solido,* the sum of $241.50, with interest thereon at the legal rate from the filing of the complaint, and costs.

The defendants took an appeal from that judgment, and the plaintiff firm now asks that the appeal be dismissed as being entirely frivolous and as having been taken for the purpose of delaying a final determination of the action.

In our judgment, the decision of the court below is the only one which could have been entered under the pleadings and the evidence adduced. The evidence of the plaintiff with respect to the obligation contracted is entirely clear and has not been controverted. The defendants, who according to the statement of the case were present at the trial held in the lower court, did not testify as witnesses to deny that they had offered to pay the plaintiff the cost of the work which they had asked it to do. The evidence introduced by said defendants does not deal at all with this point, the importance of which could not have escaped their attention.

The lower court in its statement of facts, expresses itself as follows:

"The plaintiff satisfactorily proved that it has a business in this city and that, on the date mentioned in the complaint, the defendants José Fernández Oller and Enrique Collado ordered in its establishment certain printing work for the concern Empresa Arcofer. That since the plaintiff was not acquainted with that concern and was not inclined to give it credit, the defendants obligated themselves jointly to pay the cost of such work, and have made partial payments thereon, reducing the amount of the indebtedness to $421.50. That subsequent to said partial payments the defendants made promises to pay the sum due, but they never fulfilled the same.

"The evidence of the defendants tends to show that they do not comprise the concern Empresa Arcofer, the owner thereof being Mr. Juan B. Arzuaga.

"In our opinion, the fact that the defendants might not be the owners of Empresa Arcofer is immaterial, since they contracted with the plaintiff to pay it the cost of the work, and it makes no difference whether they were to be benefited or not, since the completion of the work upon the part of the plaintiff in consideration of the promise of the defendants is the consideration (*causa*) for the contract. From the manner in which the witnesses for the plaintiff testified, the court gives them full credit, and although the account books were not presented, the court is satisfied, under the circumstances of this case, that the allegations of the complaint have been proved.

"Although we have said that the fact that the defendants might not be the owners of Empresa Arcofer is immaterial, it is a very curious circumstance that the name Arcofer is made up of the first syllable of each of the surnames Arzuaga, Collado, and Fernández."

The theory of the appellants is that if the work which it appears that the plaintiff was asked to do, was done, it was done for the so-called Empresa Arcofer. In the opposition which they have made to the motion to dismiss the appeal, they argue that while the plaintiff alleges that Empresa Arcofer is constituted by the defendants, the trial court says that it is composed of three persons. We do not see the importance which the fact that there might be two or three persons composing the concern Empresa Arcofer could have, nor that the work might have been done for such enterprise. The truth is that, in accordance with the evidence introduced, which has not been controverted, the defendants went to the print shop of the plaintiff and ordered certain printing, binding themselves jointly to pay for the cost thereof. The members of the plaintiff firm, Eduardo Franklin and Carlos Berrisbeitía, testified that the work was done and was delivered to the defendants.

A reading of the pleadings and the evidence suffices to reach the conclusion that the appeal taken is entirely frivolous, and that it has only been taken for the purpose of delaying the final determination of the suit.

The appeal must, therefore, be dismissed.